Sherman v. Luckhardt.

---

ADRIAN F. SHERMAN, Trustee, etc., Appellant, v. GEORGE P. LUCKHARDT et al., Respondents.

Kansas City Court of Appeals, November 3, 1902.

1. **Appellate Practice:** SERVICE OF BRIEF: ATTORNEY OF RECORD. The service by appellant of his brief on one of the attorneys of record at the trial, is sufficient, as service on all the attorneys is not required.

2. **Bankruptcy:** DEFINITIONS: TRANSFER: MONEY: FRAUDULENT CONVEYANCES. Under the Bankrupt Act money is property, and the payment of a debt in money is a transfer of property, and the payment of money may be such transfer of property as to hinder, delay and defraud creditors within the inhibition of the statute.

3. ———: TRANSFER: FRAUDULENT CONVEYANCES: INNOCENT PURCHASER. The Bankrupt Act not only prevents preference by the party about to become bankrupt, but annuls the disposition of his property except to innocent purchasers.

4. ———: FRAUDULENT CONVEYANCES: EVIDENCE: JURY QUESTION. Evidence relating to the payment of a certain debt just prior to bankruptcy is examined and held sufficient to send to the jury the question of intent in making said payment.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED AND REMANDED (*with directions*).

*Landis & Barr, George E. Stoker* and *Rossington, Smith & Histed* for appellant.

(1) Section 1 of the Bankruptcy Act defines the word "transfer." In re Ft. Wayne Electric Corp., 99 Fed. Rep. 400; Worden v. Columbus Electric Co., 96 Fed. Rep. 803; Strobel v. Knost, 99 Fed. Rep. 409; In re Conhaim, 97 Fed. Rep. 923; Pirie v. Title & Trust Co., 182 U. S. 438, 45 L. Ed. 1171-6; In re Gutwillig, 1 Am. Bank. Rep. 388; In re Gray, 3 Am. Bank. Rep. 647. (2) The court erred in declining to give the instruction requested by the plaintiff covered by our second assignment. Buchanan v. Smith, 16 Wall. 277; Collier, Bankruptcy, pp. 316-319; In re Philip Jacobs, 1 Am. Bank. Rep. 518; Brandenburg, Bankruptcy (2 Ed.), pp. 567-569; Main v. Glen, 7 Biss. 86, F. C. 8973; North v. House, 6 N. B. R. 365, F. C. 10310; In re Kahley, 4 N. B. R. 124, F. C. 7593.

*Jno. Kennish* for respondent.

SMITH, P. J.—Before proceeding to the consideration of the case on the merits, it is proper to observe that we have examined the grounds of the defendants' motion to dismiss the appeal and have not been impressed with the conviction that the same should be sustained. The return on the service copy of the plaintiff's brief discloses the timely service of the same on Mr. Kennish who, the record shows, was one of the attorneys representing the defendants at the trial of the cause. This we think was sufficient. It was not required that all of defendants' attorneys be served.

In order to afford a clear understanding of the

propositions hereinafter considered it will be necessary to briefly refer to the allegations of the petition which was in two counts; in the first of which it was alleged (1) that William Luckhardt, who was engaged in the boot and shoe business, sold his stock to one Spear, the consideration being $2,870 in cash and 160 acres of land in the State of Kansas; (2) that within four months from the date of said sale proceedings were instituted in the district court of the United States for the first division of the judicial district of Kansas against said William Luckhardt by his creditors, and in which proceeding he was adjudged to be a bankrupt within the purview of the act of Congress relating to bankruptcy; and that the schedules filed by him as such bankrupt disclosed that his assets consisted of two hundred and thirty-five dollars in cash, and his liabilities amounted to three thousand two hundred and thirteen dollars; (3) that the plaintiff was the duly-elected and qualified trustee in bankruptcy of said William Luckhardt; (4) that a few years prior to the date of the said adjudication in bankruptcy the said William Luckhardt borrowed of the Missouri Horticultural Society six hundred dollars, and in consideration of said loan he with the defendants as sureties thereon executed to said horticultural society a note for that amount which was long past due at the date of the said sale by said William Luckhardt of said stock of boots and shoes; (5) that within a few days after the said sale of said stock of boots and shoes the said William Luckhardt paid off said horticultural society note in full in the sum of six hundred and twenty-eight dollars as principal and interest on said note; (6) that at the time of the payment as aforesaid of said note the said William Luckhardt was insolvent and the said defendants were solvent; (7) that the payment of the promissory note aforesaid by the said William Luckhardt to the Missouri Horticultural Society resulted in the release of the sureties thereon, the defendants, and was for the benefit of the said defendants and for the purpose of preferring them and each of them as creditors of the said William Luck-

hardt to the exclusion of the other creditors, all of which was known at the time to the defendants who then had reasonable cause to believe that it was thereby intended to give them a preference over the other creditors of the said William Luckhardt. And the second count, after alleging that all the facts stated in the first six subdivisions of the preceding count were true and were made a part of the second, further alleged that the payment of said sum of six hundred and twenty-eight dollars to said horticultural society in satisfaction of said promissory note was made with the intent and purpose on the part of said William Luckhardt to hinder, delay and defraud his other creditors; and that a demand had been made on defendants to return the preference by them obtained and which had been refused. Judgment was demanded for the said sum of six hundred and twenty-eight dollars, with interest, etc.

The answer was a general denial. There was a trial which resulted in judgment for defendants and plaintiff has appealed.

The court at the instance of defendants instructed the jury that there could be no recovery on the second count of the petition, and this action of the court the plaintiff assigns as error. By the said second count, already referred to, the plaintiff sought to recover under section 67e of the Bankrupt Act, which provides:

"That all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act, and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or incumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part

of the assets and estate of the bankrupt, and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors,'' etc.

We are not very fully advised by the record as to just what view of the section of the act just referred to influenced the action of the court in withdrawing the said second count from the consideration of the jury, but if, as suggested by the plaintiff, it was that a payment of money was not a transfer of property, as contemplated by it, that was an erroneous construction. The twenty-fifth subdivision of section 1 of the Bankrupt Act of 1898 defines the word ''transfer'' as follows: ''*Transfer* shall include the sale and every other and different mode of disposing of· or parting with property, or the possession of property absolutely or conditionally, as a *payment,* pledge, mortgage, gift, or security.'' The Supreme Court of the United States in Pirie v. Trust Co., 182 U. S. 438, in declaring that within the meaning of said section 67e of the Bankrupt Act, money is property, uses this language:

''We are not unaware that a distinction between money and other property is sometimes made, but it would be anomalous in the extreme that in a statute which is concerned with the obligation of debtors and the prevention of preferences to creditors, the readiest and most potent instrumentality to give a preference should have been omitted. Money is certainly property, whether we regard any of its forms or any of its theories. It may be composed of a precious metal, and hence valuable of itself, gaining little or no addition of value from the attributes which give it its ready exchangeability and currency. And its other forms are immediately convertible into the same precious metal, and even without such conversion have, at times, even greater commercial efficacy than it. It would be very strange indeed if such forms of property with all their sanctions and powers, should be excluded from the statute, and the representatives of private debts which we denominate by the general term 'securities' should be

included. We certainly can not so declare upon one meaning of the word 'transfer.' If the word itself permitted such declarations, which we do not admit, the definition in the statute forbids it. 'Transfer' is defined to be not only the sale of property, but 'every other and different mode of disposing of or parting with property.' All technicality and narrowness of meaning is precluded. The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another, and by which the result forbidden by the statute may be accomplished —a preference enabling a creditor to obtain a greater percentage of his debt than any other creditors of the same class." And to the same effect are: In re Ft. Wayne Electric Corp., 99 Fed. Rep. 400; Strobel v. Knost, 99 Fed. Rep. 409; Worden v. Columbus Electric Co., 96 Fed. Rep. 803; In re Conhaim, 97 Fed. Rep. 923.

The authorities just referred to, with others cited in the brief of the plaintiff's counsel, conclusively show that money is property within the meaning of the Bankrupt Act and that the payment of a debt in "money" is a transfer of property as the latter phrase is used in the Bankrupt Act; and further, that the payment of "money" can be such a "transfer" of "property" as will hinder, delay and defraud the creditors of the bankrupt and thereby come within the inhibition of said section 67e.

By the provisions of the act it is obviously the intention of Congress not only not to permit preferences to be acquired upon the property of a debtor when he is about to become a bankrupt, but also to annul the disposition of his property, except to innocent purchasers, which will defeat the rights of creditors to a distribution of the instrumentalities and according to the scheme of the Bankrupt Act. Under the act, an insolvent may not transfer a portion of his property in kind to a creditor in settlement of a debt, even though it be an honest and valid one, if such be made with the inten-

tion to hinder, delay or defraud his creditors, or to prefer the creditor without having the transfer set aside under said section 67e.

The evidence contained in the record conduces to show that William Luckhardt, the bankrupt, while insolvent, voluntarily paid the debt of the horticultural society at a time when it was not due; that the debt was one for which his relatives, the defendants, stood security; that all the other money realized from the sale of his stock of merchandise, except that disposed of for his own personal use and benefit and the small amount scheduled, went to his kinsmen; that part of the consideration for the sale was taken in land and the title under the deed made to vest in his wife; that not one of his merchandise creditors were paid a cent out of the proceeds of the sale of said stock of merchandise. It seems to us clear that the trial court ought to have submitted to the jury the issue as to whether or not the bankrupt had made a transfer of his property with the intent on his part to hinder, delay and defraud his creditors, instead of withdrawing the consideration of that issue from the jury.

The plaintiff further complains of the action of the trial court in refusing at his request to peremptorily instruct the jury to find a verdict for him for the amount claimed in his petition. His contention is, that, under the undisputed evidence, there was no ultimate fact for the jury to find. An examination of the evidence contained in the record has not convinced us that the plaintiff's contention should be sustained. The issue made by the allegation in that count and the answer thereto was fairly submitted to the jury under instructions unexceptionable in expression, and no good reason is seen why its finding should be disturbed.

On account of the error committed by the trial court in giving said defendants' instruction withdrawing the second count of plaintiff's petition from the consideration of the jury, the judgment must be reversed and cause remanded with directions to allow the verdict on the first count to stand until there shall be a

trial and verdict on the second, and then to enter a judgment on both of said verdicts in accordance therewith. All concur.